AMBROSE O. NEAL et al., Composing the Board of Port Wardens of the Port of New York, Plaintiffs, *v.* CHARLES A. BURLING and EDWARD E. DOLE, Copartners, etc., Defendants.

(Municipal Court of the City of New York, Borough of Manhattan, June, 1919.)

Statutes — repeal of — duties of board of port wardens of port of New York — constitutional law — auctioneers — Laws of 1857, chap. 405, § 5 unconstitutional.

Under section 5 of chapter 405 of the Laws of 1857 providing, among other things, that one or more of the members of the board of port wardens of the port of New York shall attend all public auction sales of condemned vessels, vessels' materials, and goods in a damaged state held in the port of New York, and shall perform certain services at said sales for which they shall be paid by the auctioneer conducting the same at specified rates, the members of the board are not entitled to compensation for sales which they do not attend or at which, though in attendance unsolicited and informally, they perform none of the services contemplated by the statute.

Further the essential provisions of said section 5 of chapter 405 of the Laws of 1857 have been nullified by court decisions

declaring them unconstitutional and by what was in effect a subsequent repeal by the legislature (Laws of 1886, chap. 593, § 32, art. 1).

ACTION against auctioneers for a commission.

Merton E. Lewis, Attorney-General (Robert P. Beyer, of counsel), for plaintiffs.

Watson, Kristeller & Swift (Valentine Taylor, of counsel), for defendants.

PRINCE, J. The plaintiffs, who are the port wardens of the port of New York, sue the defendants, who are auctioneers, for a commission of one-half of one per cent on the gross amount of sales which the defendants made of certain goods damaged while on board vessels in the port of New York. The action is brought under section 5, chapter 405, Laws of 1857, the provisions of which concededly have been inoperative for a period of at least twenty-five years. That section reads as follows: " It shall be the duty of said board or some one of the members thereof, to attend personally all sales of vessels, when condemned, vessels' materials, and goods in a damaged state, which shall be sold at public auction in the port of New York, by reason of such damage, for the benefit of owners or underwriters, or for account of whom it may concern; and it shall be the duty of auctioneers making such sales, to give due notice thereof to said board before the sale; and all such sales shall be made by auctioneers, under the direction and by order of the wardens, for which service they shall be entitled to receive a commission of one-half of one per cent. on the gross amount of sales thereof, to be paid to said board of wardens on demand, by the auctioneer making such sale; and such property shall be exempt from the payment of auction duties to the state, and it shall

be the duty of auctioneers to make monthly statements to said board, specifying the total amount of each day's sale made by them under this act, which statement shall be filed in said wardens' office, and the wardens, when required by the owner or consignee thereof, shall certify the cause of such damage, the amount of such sale and the charges on the same, all of which shall be recorded in the books of said office; and the said board of wardens shall be allowed for each and every survey held on board any vessel, on hatches, stowage of cargo, or damaged goods, or at any warehouse, store or dwelling, or in the public street or on the wharf, within the limits of the port of New York, on goods said to be damaged, the sum of two dollars, and for each and every certificate given in consequence thereof, the sum of one dollar, and for each and every survey on the hull, spars, sails, or rigging of any vessel damaged, or arriving at said port in distress, the sum of five dollars; and for each and every certificate given in consequence thereof, the sum of two dollars and fifty cents; and for each valuation or measurement of any vessel the sum of ten dollars, and the compensation and emoluments of said office shall be divided equally between the said nine wardens composing the board under this act.''

It is to be noted that that section provides for payment by auctioneers to the board of port wardens not for the privilege of or license to conduct the sale, but for the services which that section prescribes shall be rendered by the port wardens, namely, for ordering, directing and attending at the sale.

Numerous defenses have been interposed by the defendants. It is unnecessary to consider all. The evidence discloses that for at least twenty-five years the board of port wardens in the city of New York has not functioned under this section, has not been

notified of sales of vessels when condemned or of vessel's materials, or of goods in a damaged state, and that they have not ordered or directed or attended at any such sales, and that these sales have always proceeded without the participation of the board of port wardens until it was determined to test the enforcibility of the section under consideration by this action.

The principal question for consideration is whether the law in question has either been repealed by the legislature or has been declared unconstitutional by the courts. I might add that the facts presented by the present record do not necessarily require a determination of this question.

The section provides for a compensation for services. In the case at bar, concededly, no services were rendered; no notice was given to the port wardens of the proposed sale, and the port wardens did not direct, order or attend at the sales, except that, unsolicited, on one or two occasions, one of the port wardens did informally attend, but it is not claimed that even then did he render the services contemplated by this section.

The question is not before me as to the effect of failure on the part of the auctioneer to give notice, and the rights of port wardens to render the service prescribed by the section, even though no notice is given. The section can have application only where, in fact, the service has been rendered, because the section only provides for payment of commission for services rendered.

Therefore, upon the facts of this case, and without regard to the constitutionality of the law under consideration or a possible subsequent repeal thereof, the plaintiff can have no recovery. But since this action was brought for the purpose of obtaining an adjudication as to the present validity of the statute, I prefer

to base my decision upon the ground that the essential provisions of this section have been nullified by both the decisions of the courts, which have declared them unconstitutional, and by what is, in effect, a subsequent repeal by the legislature. See *Inman S. S. Co.* v. *Tinker,* 94 U. S. 238; *Curtin* v. *People,* 26 Hun, 564; affd., 89 N. Y. 621.

Section 6 of chapter 405 of the Laws of 1857, being the section following the one under consideration, was repealed by the legislature (see Laws of 1886, chap. 593, § 32, art. 1) in recognition of the fact that certain provisions of this chapter intending to confer exclusive power on the port wardens to perform the acts specified therein were unconstitutional. By this repeal the exclusive features of section 5, under consideration, having been repealed, the board of port wardens was stripped of exclusive power to order and direct sales of condemned vessels and damaged goods, and auctioneers thereafter were at liberty to conduct such sales without notice to or the direction and attendance of the port wardens. There remained only in section 5 a general but not exclusive power in the port wardens to direct and conduct such sales, and the auctioneers were at liberty to avail themselves of the port wardens if they saw fit, but were not required so to do by the statute under the circumstances.. The only rights that the port wardens can acquire are by contract, namely, when their services are sought and they perform the services prescribed in the statute. Concededly, the defendants in the case at bar neither sought nor secured the services of the port wardens, and, accordingly, the port wardens can have no compensation for a service which they never rendered.

Judgment is therefore awarded for the defendants on the merits.

Judgment for defendants.